FILED
2015 May-05  AM 09:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN EUGENE GAMBLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:13-CV-01959-SLB** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Plaintiff Kevin Eugene Gamble brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits ["DIB"] and supplemental security income ["SSI"]. After review of the record, the parties' submissions, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

**I. PROCEDURAL HISTORY**

Plaintiff filed an application for DIB and SSI on September 8, 2010, alleging a disability onset date of August 1, 2010. (R. 67-68, 118-125.)[1] Plaintiff's application was denied by the Social Security Administration on January 6, 2011. (R. 69-73.) Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was

---

[1] Reference to a document number, ("Doc. __"), refers to the number assigned to each document as it is filed in the court's record. References to page numbers in the Commissioner's record are set forth as ("R.__").

1

held on March 22, 2012. (R. 36-66, 114.) After the hearing, the ALJ found that plaintiff was capable of making a vocational adjustment to other occupations, such as assembler, packer, and production helper. (R. 31.)   In light of these findings, the ALJ denied plaintiff's request for DIB and SSI on May 18, 2012. (R. 32.)

On July 10, 2012, plaintiff petitioned the Appeals Council to review the ALJ's decision, (R. 17), and on August 20, 2013, the Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security, (R. 1). Following denial of review by the Appeals Council, plaintiff filed an appeal in this court on October 21, 2013. (Doc. 1.)

## II. <u>STANDARD OF REVIEW</u>

In reviewing claims brought under the Social Security Act, this court "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]; rather the court must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)) (internal quotations and other citation omitted). "The

2

Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin*, 894 F.2d at 1529; *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted).

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius*, 936 F.2d at 1145. "[N]o . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. THE FIVE-STEP EVALUATION

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for DIB or SSI.[2] *See* 20 C.F.R. § 404.1520(a)(1)-(2); *Bowen v. City of New York*, 476 U.S. 467, 470 (1986). For the purposes of this evaluation, the meaning of disability is the "inability to engage in any

---

[2] The Regulations state:

> The sequential evaluation process is a series of five "steps" that we follow in a set order. . . . If we can find that you are disabled or not disabled at a step, we make our determination or decision and do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step. Before we go from step three to step four, we assess your residual functional capacity. . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.

20 C.F.R. § 404.1520(a)(4).

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1); 42 U.S.C. § 423(d)(1)(A). The specific steps in the evaluation process are as follows:

**1. Substantial Gainful Employment**

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987).[3] If the claimant is engaged in substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work experience. 20 C.F.R. § 404.1520(b); § 416.920(b). "Under the first step, the claimant has the burden to show that she is not currently engaged in substantial

---

[3] The Regulations define "substantial gainful activity":

> (a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

> (b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

> (c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572.

4

gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[4]

The ALJ determined that plaintiff had not engaged in substantial gainful activity since his alleged onset date of August 1, 2010. (R. 23.)

### 2. Severe Impairments

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii), (c); § 416.920(a)(4)(ii), (c). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); § 1382c(a)(3)(D). The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. § 404.1520(c); § 416.920(c).

---

[4] Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. *Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority*." 11th Cir. R. 36-2 (emphasis added).

An impairment is "severe" if it "significantly limits [a] claimant's physical or mental ability to do basic work activities."[5] *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. § 404.1520(c); 20 C.F.R. § 404.1521(a). When an impairment "is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience," it will be classified as non-severe. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* SSR 85-28, 1985 WL 56856 (1985). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987); *see also* 20 C.F.R. § 404.1523; § 416.923. A claimant has the burden to show that she has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 F. App'x at 863.

The ALJ found that plaintiff had severe impairments of "degenerative disc disease (DDD) with low back pain, history of head contusion, mild depression and alcohol dependence." (R. 23.)

---

[5] Basic work activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out and remembering simply instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b)(1)-(6).

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the duration requirement and whether it is equivalent to any one of the listed impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); § 404.1525; § 404.1526. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings]. If the claimant's impairment meets or equals a Listing, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d); § 416.920(d). The claimant has the burden of proving that her impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*, 457 F. App'x. at 863.

The ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (R. 24.)

### 4. Residual Functional Capacity and Past Relevant Work

If the impairment does not meet or equal the criteria of a Listing, the claimant must prove that her impairment prevents her from performing her past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f); § 416.920(a)(4)(iv), (f). At step four, the Commissioner "will first compare [the Commissioner's] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work." 20 C.F.R. § 404.1560(b); § 416.960(b). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity,

7

and that lasted long enough for [her] to learn to do it." 20 C.F.R. § 404.1560(b)(1);
§ 416.960(b)(1). If the claimant is capable of performing her past relevant work, the
Commissioner will find that she is not disabled.   20 C.F.R. § 404.1560(b)(3);
§ 416.920(f). The claimant bears the burden of establishing that the impairment prevents
her from performing past work. *Reynolds-Buckley*, 457 F. App'x at 863.

The ALJ found that plaintiff has a high school education and was 50 years old,
which is defined as an individual closely approaching advanced age, on the alleged onset
date. (R. 30.) The ALJ made the following findings regarding plaintiff's RFC:

> [T]he claimant has the residual functional capacity to perform medium
> work . . . that is limited to: lifting/carrying up to 50 pounds occasionally, up
> to 25 pounds frequently, standing/walking up to or about six hours in an
> eight-hour day with normal breaks, sitting up to or about six hours in an
> eight-hour day with normal breaks, unlimited pushing and pulling, frequent
> climbing ramps and stairs, balancing, stooping, kneeling, crouching and
> crawling, no climbing ladders, ropes, or scaffolds, and avoidance of
> exposure to all workplace hazards such as moving machinery and
> unprotected heights. The claimant can understand, remember and carry out
> short, simple directions, can make judgments on simple work related
> decisions, and can adapt to gradual, infrequent workplace changes.

(R. 26.) The ALJ concluded that plaintiff is unable to perform his past relevant work as an
ironworker and glazier. (R. 30.)

**5. Other Work in the National Economy**

If the claimant establishes that he is unable to perform his past relevant work, the
Commissioner must show that the claimant—in light of his RFC, age, education, and
work experience—is capable of performing other work that exists in substantial numbers

in the national economy. *Reynolds-Buckley*, 457 F. App'x at 863; *see also* 20 C.F.R.

§ 404.1520(c)(1); § 416.920(g). The regulations provide:

> If we find that your residual functional capacity does not enable you to do
> any of your past relevant work . . . we will use the same residual functional
> capacity assessment when we decide if you can adjust to any other work.
> We will look at your ability to adjust to other work by considering your
> residual functional capacity and the vocational factors of age, education,
> and work experience . . . . Any other work (jobs) that you can adjust to must
> exist in significant numbers in the national economy (either in the region
> where you live or in several regions in the country).

20 C.F.R. § 404.1560(c)(1); § 416.960(c)(1). If the claimant is not capable of performing

such other work, the Commissioner must find the claimant disabled. 20 C.F.R.

§ 404.1520(g); § 416.920(g).

The ALJ consulted a Vocational Expert ["VE"] to determine whether jobs exist in

the national economy that plaintiff could perform, considering his RFC, age, education,

and work experience. The VE testified that an individual with plaintiff's limitations and

vocational factors could perform the jobs of assembler, packer, and production helper,

which are jobs that exist in significant numbers in the national economy. (R. 63.) Because

the ALJ found that jobs consistent with plaintiff's RFC and vocational factors exist in

significant numbers, the ALJ found that plaintiff was not disabled. (R. 31.)

**B. MR. GAMBLE'S CLAIMS**

Plaintiff contends that "the ALJ failed to properly consider plaintiff's pain

pursuant to the Eleventh Circuit's three part pain standard." (Doc. 7 at 5.) Specifically,

plaintiff argues that the ALJ should have found him disabled based upon his pain and that

the ALJ failed to properly consider medical evidence of record establishing a disabling impairment. (*Id.* at 7-8.) Having reviewed the entire record before the ALJ, as well as the parties' briefs, the court finds that the Commissioner's decision is due to be affirmed.

> The Eleventh Circuit's three-part pain standard requires:
>
> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The Eleventh Circuit considers the *Holt* standard as one and the same with the standard set out in the Regulations. *See Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) ("Furthermore, the ALJ cites to 20 C.F.R. § 404.1529, which contains the same language [as *Holt*] regarding the subjective pain testimony that this Court interpreted when initially establishing its three-part pain standard. In citing to § 404.1529 and based on the findings and discussion, it is clear that the ALJ applied this Circuit's pain standard [from *Holt*]."). 20 C.F.R. § 404.1529 and § 416.929 set out a two-step process, consistent with the *Holt* standard, which SSR 96-7p explains as follows: "First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment—i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques—that could reasonably be expected to produce the individual's pain or other symptoms."

This determination does not consider the "intensity, persistence, or functionally limiting effects of the individual's symptoms." SSR 96-7p. If the ALJ finds that the plaintiff's case survives the first step, then:

> the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p. The ALJ may reject the claimant's subjective complaints of pain as not credible in determining whether the claimant is disabled due to pain. *Costigan v. Comm'r Soc. Sec. Admin.*, 2015 WL 795089, at *3 (11th Cir. Feb. 26, 2015); *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). If the ALJ determines the claimant's testimony is not credible, the ALJ must "explicitly and adequately articulate his reasons." *Id.* Under step one, the ALJ concluded that plaintiff's "medically determinable impairments could reasonably be expected to cause some symptoms . . . ." (R. 29.) However, under step two, the ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that the claimant alleged." (*Id.*)

In reaching this finding, the ALJ relied in part on plaintiff's conflicting statements. First, plaintiff inconsistently reported his activities of daily living. (*See* R. 29.) On November 29, 2010, plaintiff reported to Dr. Marlin Gill that he provided care for his

elderly father, drove, took care of his own personal needs, and completed household chores such as cleaning the home, doing laundry, washing dishes, cooking meals, mowing the grass, cleaning a swimming pool, and shopping for groceries. (R. 265.) However, during the ALJ hearing, plaintiff reported that he could not grocery shop and that his friend grocery shops for him, usually does the laundry, and helps care for plaintiff's father. (R. 54.) Plaintiff also testified that he could hardly cook because he could not stand, (R. 58), and that all he could do was get up and "maybe" take his father a plate of food, (R. 54).

Plaintiff made additional inconsistent statements at the time of his consultative examination and the ALJ hearing. Dr. Gill noted that plaintiff reported he could "sit with no limitations," (R. 265), but in a Function Report, plaintiff stated that he could sit only a little while, and at the hearing, he stated he could sit only ten to fifteen minutes, (R. 59, 160). Plaintiff also reported that he had been to the emergency room many times for back pain, (R. 50), but the record does not contain any records showing that plaintiff reported to the emergency room for back pain. Further, plaintiff testified that his back pain "was just as bad" as when he was working, (R. 56), which suggested that plaintiff was currently capable of working since the pain did not prevent him from working in the past. Finally, plaintiff testified that he was not taking medication for the pain, thus further discrediting plaintiff's complaints of disabling pain. (R. 51.)

The ALJ also determined that the objective medical evidence of record did not support plaintiff's allegations of pain. Plaintiff testified that his pain level was nine out of ten and that he could not stand. (R. 51, 58.) However, during an examination in November 2010, Dr. Gill noted that plaintiff walked unassisted and with a normal gait and that he was able to squat and rise without assistance. (R. 266.) Plaintiff was treated at Parkway Medical Center in July 2011 for a seizure. At that time, the physician's examination noted that plaintiff's "spine [was] non-tender" and that he had "normal joint range of motion; no swelling or deformities." (R. 299.) Furthermore, Dr. Robert Heilpern opined in the Residual Functional Capacity Assessment that plaintiff could occasionally lift and/or carry up to 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour work day, with postural limitations for climbing ladders, rope, or scaffolds. (R. 289-90.)  Plaintiff declined any residual problems from an incident in which a rock struck his head, describing his ailments as "mainly just back problems . . . , kidney problems, and gall bladder problems . . . ." (R. 50-51.) Of these complaints, only back pain is supported by the medical records, and as discussed above, the ALJ relied on substantial evidence, including plaintiff's inconsistent statements, in finding that plaintiff's back pain was not as limiting as alleged.

Additionally, the lack of ongoing pain management undercuts plaintiff's claims of disabling pain. The Regulations permit an ALJ to consider a claimant's medications and treatment for pain as evidence of the claimant's pain.  20 C.F.R. § 404.1529(c)(3); 20

C.F.R. § 416.929(c)(3). Similarly, minimal treatment sought by a claimant may provide evidence of an inconsistency with a claimant's allegations of disabling pain. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("The ALJ discredited [the claimant's] testimony by explaining that this pain had not require[d] routine or consistent treatment, and he often went for months or years between complaining of this pain to his physicians . . . ."); *Barrett v. Shalala*, 38 F.3d 1019, 1023-24 (11th Cir. 1994) ("A failure to seek aggressive treatment is not suggestive of disabling back pain.") (internal alterations and quotations and citation omitted). Although plaintiff received treatment and medication for pain management from Dr. Ahmad Shikhtholth, he discontinued care in April 2009. (R. 199, 265.) He revisited the pain clinic on September 21, 2010, but there is no evidence he received pain management treatment or medications. (R. 197-98.) While he did receive medical treatment between April 2009 and September 2010, the medical records do not reflect that this treatment was related to his complaints of back pain. At the ALJ hearing, plaintiff reported he was not taking pain medication, which is consistent with Dr. Gill's notes from November 2010 showing that plaintiff was not taking pain medication for his back.[6] (R. 51.)  The long period between plaintiff's treatments and lack of medication further undermine plaintiff's credibility.

Because the record reflects that plaintiff provided inconsistent statements, and the objective medical evidence does not substantiate plaintiff's allegations of disabling pain,

---

[6] Dr. Gill's notes state that plaintiff was taking Lortab for dental pain but was not taking medication for any other pain. (R. 265.)

14

the court finds that the ALJ properly applied the Eleventh Circuit's three-part pain standard and relied on substantial evidence in concluding that plaintiff was not disabled.

## IV. <u>CONCLUSION</u>

Based on the reasons set forth above, the decision of the ALJ, as adopted by the Commissioner, denying plaintiff's claim for DIB and SSI is due to be affirmed. An Order affirming the decision of the Commissioner will be entered contemporaneously with the Memorandum Opinion.

**DONE** this 5th day of May, 2015.


SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE